JOHN B. NEWBY, PLAINTIFF, v. JAMES LETTS, DEFENDANT.

Argued May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *George L. Burton.*

*Contra, Quinn, Parsons & Doremus (Theodore D. Parsons* and *Theodore J. Labrecque,* of counsel).

PER CURIAM.

The defendant has a rule for new trial and as reasons for making the rule absolute contends that the verdict is against the weight of the evidence and that the damages are excessive.

The claim was for personal injuries received in a collision between an automobile driven by the plaintiff and a car of the defendant, and for the loss of plaintiff's car valued at $275.

Plantiff was proceeding easterly on his right side of the Atlantic Highlands road when he collided with defendant's car. The controversy turns upon whether plaintiff struck defendant's car when in plain view on the highway or whether the defendant struck plaintiff's car while turning into the highway. Defendant lives on the north side of the highway and proceeded out of his driveway into the road. He testified he did so when plaintiff was five hundred feet distant on his right; that he made a turn to the left and when fully turned and on the south side of Atlantic Highlands road and

yet in that highway, he was struck by plaintiff's car. The plaintiff testified that defendant passed entirely across the road and into the trolley right of way and was hidden from view behind trees on that side, and that when plaintiff reached the place of the accident defendant's car came out without warning and the collision occurred.

While the number of witnesses preponderates in favor of the defendant's story, there are circumstances connected with the accident strongly corroborating the plaintiff's version, and we think a fair jury question was presented.

As to the damage of $5,000 for a hernia and temporary bruises, defendant presented proofs that an inguinal hernia cannot result from injury, but other medical proofs in the case are to the contrary. In addition to the physical pain and loss of his car, the plaintiff had substantial bills for treatment. He worked regularly up to the time of the accident at his job and has never been able to do so from that time to the date of trial, a period of fourteen months.

The award is not so clearly excessive as to justify the court in disturbing the verdict.

The rule will be discharged.